IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Ninja Antonio Brewton,<br><br>   Plaintiff,<br> v.<br><br>Sheriff Chuck Wright, Matthew C. Smith, Christopher Rojas, Cathy White, Spartanburg County Detention Center, Spartanburg County, and City of Spartanburg,<br><br>   Defendants. | Case No. 0:25-cv-1073-RMG<br><br>**ORDER** |

  Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendants Wright, Rojas, Spartanburg County Detention Center, Spartanburg County, and City of Spartanburg be summarily dismissed and the claims of excessive force against Defendant Smith and deliberate indifference against Defendant White remain pending. (Dkt. No. 16). Plaintiff has filed objections to the R & R, arguing that the claims against the Defendants recommended to be dismissed should not be adopted by this Court. (Dkt. No. 20).

**Legal Standard**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See*

1

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

Plaintiff, acting *pro se* and *in forma pauperis*, asserts claims of excessive force, an unlawful search and seizure, and deliberate indifference to the violation of his rights under the Fourth and Eighth Amendments to the United States Constitution arising out of an incident which occurred on September 19, 2022. Plaintiff alleges that Defendant Smith tazed him three times and used an illegal chokehold in the course of an arrest, which he alleges caused him significant injury. Plaintiff alleges that Defendant White knew of his injuries and placed him in a jail cell without any treatment. These claims are not subject to the Magistrate Judge's R & R..

The Magistrate Judge recommended the following claims be summarily dismissed, which the Plaintiff objects:

1. <u>Defendant Sheriff Chuck Wright</u>: The Magistrate Judge recommended summary dismissal of the claims against Defendant Wright because the factual allegations in the complaint fail to set forth a plausible claim against him individually or on the basis of supervisory liability. (Dkt. No. 16 at 5-6). Plaintiff's objections fail to address the deficiencies in Plaintiff's claims against Defendant Wright and make conclusionary statements about the failure to train and

2

supervise that are insufficient to state a plausible claim. (Dkt. No. 20 at 1). The Court overrules Plaintiff's objections.

    2. <u>Defendant Christopher Rojas</u>: The Magistrate Judge recommended that the claim that Defendant Rojas conducted an illegal search of another person's home be summarily dismissed because a party cannot assert a claim on behalf of the violation of another person's constitutional rights. (Dkt. No. 16 at 7). Plaintiff asserts that Defendant Rojas should be held "fully accountable" for allegedly conducting an illegal search of his friend's home. (Dkt. No. 20 at 1-2). The Court overrules Plaintiff's objections because he cannot assert a claim of a violation of the Fourth Amendment right of another person.

    3. <u>Spartanburg County Detention Center, Spartanburg County, and City of Spartanburg</u>: The Magistrate Judge recommended that the Spartanburg County Detention Center be dismissed because it is not a "person" subject to suit under 42 U.S.C. § 1983. The Magistrate Judge recommended that the claim against Spartanburg County be dismissed because Plaintiff has not plausibly alleged any custom or practice of the County which relates to his claims of deliberate indifference or excessive force. Finally, the Magistrate Judge recommends that the summary dismissal of the City of Spartanburg because Plaintiff's complaint fails to identify any City employee involved in the incidents that give rise to his claims. (Dkt. No. 16 at 7-10). Plaintiff's objections fail to address the legal deficiencies identified by the Magistrate Judge in the R & R. The Court overrules the objections of the Plaintiff regarding the dismissal of the Spartanburg County Detention Center, Spartanburg County, and the City of Spartanburg.

    Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 16) as the order of the Court and **SUMMARILY DISMISSES** Plaintiff's claims against Defendants Wright,

Rojas, Spartanburg County Detention Center, Spartanburg County, and City of Spartanburg. The claims against Defendants Smith and Wright are unaffected by this order.

**AND IT IS SO ORDERED.**

                                             _s/ Richard M. Gergel_
                                             Richard Mark Gergel
                                             United States District Judge

April 29, 2025
Charleston, South Carolina