UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Craig Ninja Antonio Brewton, | ) | C/A No. 0:25-cv-1073-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Matthew C. Smith, Cathy White, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court in this case are Defendants' Motion to Dismiss (ECF No. 26), Plaintiff's Motion to Amend/Correct (ECF No. 33), Plaintiff's Motion to Amend/Correct (ECF No. 45), and Plaintiff's Motion to Add Defendant (ECF No. 46). Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights against the above-named Defendants.[1] Plaintiff is a pretrial detainee and is currently incarcerated at the Spartanburg County Detention Center ("SCDC"). ECF No. 1 at 3, 5. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and make recommendations to the district court. For the reasons below, Defendants' Motion should be granted in part and denied in part and Plaintiff's Motions noted above should be denied.

---

[1] Plaintiff's Complaint named the following Defendants: Sheriff Chuck Wright ("Wright"), Matthew C. Smith ("Smith"), Christopher Rojas ("Rojas"), Cathy White ("White"), SCDC, Spartanburg County, and the City of Spartanburg. ECF No. 1. By Order dated April 29, 2025, Wright, Rojas, SCDC, Spartanburg County, and the City of Spartanburg were dismissed from this action. ECF No. 22.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff attached to his Complaint a handwritten document containing additional allegations. ECF No. 1-1. The Court construes both documents together as the Complaint filed in this action.

By Order dated April 10, 2025, the Court authorized service of process on Defendants Smith and White. ECF No. 13. The remaining Defendants were recommended for summary dismissal in a Report and Recommendation dated April 10, 2025. ECF No. 16. On April 29, 2025, the Honorable Richard M. Gergel adopted the Report and dismissed Plaintiff's claims against Defendants Wright, Rojas, SCDC, Spartanburg County, and the City of Spartanburg. ECF No. 22.

On May 7, 2025, Defendants Smith and White filed a Motion to Dismiss and an Answer to the Complaint. ECF Nos. 26; 27. On May 8, 2025, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (a "*Roseboro* Order"), advising Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately. ECF No. 29. On May 27, 2025, Plaintiff filed a Response in Opposition to the Motion to Dismiss. ECF No. 32. On July 31, 2025, Plaintiff filed a Supplemental Response in Opposition. ECF No. 52.

On May 27, 2025, Plaintiff filed a Motion to Amend/Correct. ECF No. 33. Defendants filed a Response in Opposition on June 10, 2025. ECF No. 35.

On July 15, 2025, Plaintiff filed a Motion to Amend/Correct and a Motion to add Defendant. ECF Nos. 45; 46. Defendants filed a Response in Opposition to both Motions on July 24, 2025. ECF No. 51.

**Factual Allegations[2]**

Plaintiff contends Defendants engaged in excessive use of force, an unlawful search and seizure, and deliberate indifference in violation of his constitutional rights. ECF No. 1 at 5. The events giving rise to Plaintiff's claims occurred on September 19, 2022. *Id*. at 6.

According to Plaintiff, an unknown officer did not let him read a search warrant. *Id.* That officer assaulted Plaintiff by slapping his hand, intimidating him, and telling him not to reach. *Id.* Plaintiff felt scared and "ran to the highway for witnesses." *Id.* at 7. Matthew C. Smith ("Smith") then tazed Plaintiff three times and used his knee in an illegal chokehold. *Id.* Plaintiff claims Smith broke and dislocated Plaintiff's shoulder when he "roughly" arrested Plaintiff and put him in tight handcuffs. *Id*. Smith illegally searched and seized Plaintiff and touched him improperly. *Id.* Cathy White ("White") and her staff of nurses knew Plaintiff was severely injured, but he was placed in a holding cell without treatment. *Id.*

For his injuries, Plaintiff contends he has a dislocated shoulder and a broken vertebrae in his neck from an illegal choke hold "and naked armbar hold used in UFC fighting." *Id.* at 8. Plaintiff asserts that he "bonded out" and paid for his own surgery by taking out loans. *Id.* Plaintiff alleges that he suffers bad headaches and memory loss from being tazed. *Id.* Plaintiff contends he "had a concussion a couple times" and passed out. *Id.* Plaintiff contends his back hurts when he moves, and he has "bad dreams from this incident and can't sleep from nightmares and being depressed." *Id.* Plaintiff had surgery on February 22, 2023. *Id.* For his relief, Plaintiff seeks money damages. *Id.*

---

[2] The Court does not include Plaintiff's allegations against the Defendants who have been dismissed from this action.

## STANDARD OF REVIEW

**Liberal Construction of *Pro Se* Pleadings**

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of

a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).  The plausibility standard reflects the threshold requirement

of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

**Summary Judgment Standard[3]**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[3] The Court includes the summary judgment standard as Defendants have attached documents outside of the pleadings in support of their Motion to Dismiss.

325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Claims under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding
> for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that

the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United

States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color

of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301,

310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

## DISCUSSION

### Defendants' Motion to Dismiss

Defendants assert three grounds in support of their Motion to Dismiss.  ECF No. 26-1 at 2.

First, Defendants argue that Plaintiff failed to exhaust his administrative remedies as to his claims

against White.  *Id*. at 2–4.  Second, Defendants argue that both Defendants are immune from suit

under the Eleventh Amendment.  *Id*. at 4–7.  Third, Defendants argue both Defendants are not

"persons" for purposes of 42 U.S.C. § 1983.  *Id*. at 7–8.  For the reasons below, all three of

Defendants' arguments are without merit.

### *Failure to Exhaust*

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his

administrative remedies before filing a § 1983 action.  42 U.S.C. § 1997e(a).  The PLRA provides,

in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section

1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."  *Id*.  The

PLRA's exhaustion requirement applies to all inmate suits about prison life.  *Porter v. Nussle*, 534

U.S. 516, 532 (2002).  Exhaustion is mandatory and must take place before the commencement of

the civil action to further the efficient administration of justice. *Id*. However, because exhaustion of administrative remedies is an affirmative defense, Defendants must produce evidence—and not Plaintiff—to demonstrate exhaustion. "[A]n inmate does not need to demonstrate exhaustion of administrative remedies in his complaint." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (citations omitted). "Instead, failure-to-exhaust is an affirmative defense that the defendant must raise." *Id*.; *see also Anderson v. XYZ Corr. Health Sers., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (explaining an inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant); *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 820 (D.S.C. 2008) ("[I]t is the Defendant who has the burden of showing that a Plaintiff failed to exhaust his or her administrative remedies."). "A prison official has the burden to prove an inmate's failure to exhaust available administrative remedies." *Goodman v. Moose*, C/A No. 1:23-cv-00023-MR, 2024 WL 4761389, at *3 (W.D.N.C. Nov. 12, 2024) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). "Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the inmate to show, by a preponderance of the evidence, either that exhaustion occurred or that administrative remedies were unavailable." *Id*. (citing *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011)); *see also Crutchfield v. Gibson*, C/A No. 7:23-cv-00427, 2025 WL 724060, at *4 (W.D. Va. Mar. 6, 2025).

Defendants argue that Plaintiff cannot maintain his claims against Defendant White because he has failed to exhaust his administrative remedies. ECF No. 26-1 at 2–4. Defendants contend that Plaintiff "admits that he did not file a grievance with [SCDC] relating to his claim that he was placed into a holding cell without proper medical treatment." *Id*. at 2. Defendants argue that SCDC has adopted a grievance procedure that sets forth the steps Plaintiff must follow to grieve issued related to his confinement. *Id*. at 3. Defendants contend that Plaintiff did not file

any grievances concerning his allegations against White that he was placed into a holding cell without receiving medical treatment. *Id*. at 4. For support, Defendants have attached a copy of the policy for SCDC's grievance procedures and the Affidavit of Mark Freeman. ECF Nos. 26-2; 26-3.

A court ordinarily may not consider evidence outside the pleadings on a motion to dismiss under Rule 12(b)(6). *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) ("In resolving a motion pursuant to Rule 12(b)(6) or Rule 12(c), a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment."). Because Defendants' argument for dismissal on failure-to-exhaust grounds relies on evidence outside of the pleadings, including an Affidavit and SCDC grievance procedures, the Court cannot resolve the argument without converting the Motion to Dismiss to one for Summary Judgment. *See Zavolta v. Henderson*, No. 5:11-cv-55, 2011 WL 1790492, at *2 (N.D.W. Va. May 10, 2011) ("Affidavits are documents outside the pleadings and this Court must convert the motion to dismiss to a motion for summary judgment if it is to consider the plaintiffs' affidavits."). The parties in this case have not yet engaged in discovery, and Defendants have expressly requested "an order precluding discovery in this case" pending the outcome of the Motion to Dismiss. ECF No. 48 at 1. Plaintiff should have the opportunity to provide evidence in response to Defendants' documents in support of their Motion to Dismiss, and he should have the benefit of conducting discovery on such issues. *Nelson v. Loc. 1422 Int'l Longshoreman's Ass'n*, C/A No. 2:19-cv-01545-DCN-MGB, 2020 WL 13784315, at *9 (D.S.C. Jan. 14, 2020) (finding the defendants' motion to dismiss on failure to exhaust grounds should be denied where the plaintiff had "not had an opportunity to undertake any discovery" and thus "it would not be appropriate to treat [the motion] as seeking summary judgment"), *R&R adopted by* 2020 WL 13784317 (D.S.C. Jan. 30, 2020).

Finally, the Court notes that the Complaint alleges Plaintiff did not file a grievance because the grievance procedure at SCDC does not cover Plaintiff's claims. ECF No. 1 at 10–11. Plaintiff also alleges that he "was only detained for a day," and thus the grievance procedures were unavailable to him. *Id*. at 11. The Fourth Circuit has recognized that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of [the administrative remedy]." *Graham*, 413 F. App'x at 663 (citing *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)). Thus, even if the Court were to consider the Motion as one for summary judgment, the undersigned would find that a genuine issue of material fact exists as to whether the grievance procedures were available to Plaintiff. Because the parties have not engaged in discovery, they cannot present evidence at this stage to resolve such issues.

As this matter is before the Court on a Motion to Dismiss, the Court should decline to consider the additional exhibits provided by the parties that are not integral to the Complaint which would require the Court to convert Defendants' Motion to one for summary judgment for consideration. *Pendleton v. Ames*, C/A No. 2:21-cv-00249, 2023 WL 2541967, at *5 (S.D.W. Va. Mar. 16, 2023) (recommending that the defendants' motion to dismiss for failure to exhaust administrative remedies should be denied without converting the motion to one for summary judgment). Further, the Court should deny Defendants' Motion to Dismiss Plaintiff's claims against White on the ground that Plaintiff failed to exhaust, without prejudice to Defendants' right to assert that affirmative defense with evidence at a later stage.

### *Remaining Arguments*

Defendants' remaining two arguments—that Defendants are entitled to Eleventh Amendment immunity and are not "persons" subject to suit under § 1983—are premised on

Defendants' contention that Plaintiff cannot establish a claim against Defendants in their official capacities.

Plaintiff's claims against the individual Defendants in their official capacities should be dismissed. *See Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is not different from a suit against the State itself . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." (citations omitted)); *see also Bowers v. Rector & Visitors of Univ. of VA*, C/A No. 3:06-cv-00041, 2007 WL 853815, at *6 (W.D. Va. Mar. 16, 2007). However, Plaintiff's claims against Defendants in their individual capacities should proceed. *See Hafer v. Melo*, 502 U.S. 21, 26-27 (1991) (reiterating the holding in *Will* with respect to officials sued in their official capacities, but holding that "state officials, sued in their *individual* capacities, are 'persons' within the meaning of § 1983." (emphasis added)). However, dismissal of Plaintiff's official capacity claims against Defendants does not end the case because the claims in their individual capacity remain.

Defendants argue that "Smith and White are employed by the Spartanburg County Sheriff's Officer, an arm of the State" and that "Plaintiff's allegations concerning Defendants Smith and White all relate to actions allegedly taken by them in their official capacities as employees of the Spartanburg County Sheriff's Office." ECF No. 26-1 at 7. That contention is incorrect. Plaintiff's Complaint makes allegations against Smith and White in their individual capacities. Defendants fail to show that Plaintiff's claims against Smith and White in their individual capacities are insufficient to state a claim for relief. *Ballinger v. Adams*, C/A No. 2:08-cv-01024, 2010 WL 145858, at *4 (S.D.W. Va. Jan. 8, 2010).

12

**Plaintiff's Motions**

Plaintiff has filed a Motion to Amend/Correct (ECF No. 33), a Motion to Amend/Correct (ECF No. 45), and a Motion to add Defendant (ECF No. 46).

Plaintiff's first Motion seeks to add three Defendants—(1) the "Spartanburg County Sheriff's Office," (2) the "South Carolina Department of State Police," and (3) "South Carolina." ECF No. 33. Plaintiff's second Motion seeks, in relevant part, to "add my equal protection claim (race) and change/modify relief claim on my application from not only just nominal damages to nominal damages/monetary relief." ECF No. 45. Plaintiff's third Motion seeks to add the State of South Carolina as a Defendant. ECF No. 46. Defendants oppose all three Motions. ECF Nos. 35; 51. For the reasons below, all three of Plaintiff's Motions should be denied.

First, Plaintiff's Motions all fail to provide any basis for adding the defendants and claims asserted. *See D.R. Horton, Inc. v. Landbank Fund VIII, LLC*, C/A No. 4:08-cv-1711-TLW-TER, 2009 WL 10678195, at *1 (D.S.C. Mar. 31, 2009) ("[Plaintiff's] failure to submit a proposed amended complaint or to explain in detail in its motion the claims it seeks to assert and the factual bases upon which those claims would be asserted severely handicaps this court's ability to determine whether or not the amendment would be proper."). Further, Plaintiff has failed to attach a copy of any proposed amended complaint to his Motions. "One of the purposes of the requirement that motions to amend be accompanied by a copy of the proposed amended complaint is to ensure that all of the allegations asserted against the defendants are contained in a single document reducing the likelihood that a party will overlook one or more allegations against him" and to eliminate "the confusing nature of 'piecemeal' pleadings." *Jenkins v. S.C. Dep't of Corr.*, C/A No. 8:09-cv-3293-JFA-BHH, 2010 WL 11553265, at *1 (D.S.C. June 8, 2010). For these reasons alone, Plaintiff's Motions should be denied.

Additionally, the proposed amendments to add defendants would be futile. A "motion for leave to amend may also be denied where the proposed amendment would be futile, such as where 'the proposed amended [pleading] fails to state a claim under the applicable rules and accompanying standards.'" *Aleron Grp., LLC v. Ferguson*, C/A No. 1:21-cv-1445, 2023 WL 5688205, at *4 (E.D. Va. Aug. 4, 2023) (quoting *Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). None of the defendants identified by Plaintiff would be proper parties.

First, Plaintiff provides no specific factual allegations against these defendants to assert a plausible claim for relief under § 1983. *See Weller*, 901 F.2d at 397; *Gibson v. Foster*, C/A No. 5:17-cv-01333-JMC-KDW, 2017 WL 7355301, at *2 (D.S.C. Aug. 7, 2017), *R&R adopted by* 2018 WL 690060 (D.S.C. Feb. 1, 2018). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014).

Further, none of the three proposed defendants are "persons" subject to suit under § 1983, and all three are entitled to Eleventh Amendment immunity. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). The three proposed defendants are therefore not proper parties. *See S.C. Troopers Fed'n Loc. 13 IUPA AFL-CIO v. South Carolina*, 112 F. App'x 883, 885 (4th Cir. 2004) ("neither the State of South Carolina nor the Department of Public Safety qualify as 'persons' under Section 1983"); *Cobb v. South Carolina*, C/A No. 2:13-cv-02370-RMG, 2014 WL 4220423, at *6 (D.S.C. Aug. 25, 2014) (noting State of South Carolina is not a "person" subject to suit under § 1983); *Cribb v. Pelham*, 552 F.

Supp. 1217, 1219 (D.S.C. 1982) (finding South Carolina Highway Patrol was entitled to Eleventh Amendment immunity); *Strickland v. Spartanburg Cnty. Sheriff's Off.*, C/A No. 7:19-cv-00326-MGL-KFM, 2019 WL 5748583, at *3 (D.S.C. Mar. 6, 2019) (finding Spartanburg County Sheriff's Office was not a person under § 1983 and entitled to Eleventh Amendment Immunity) (collecting cases), *R&R adopted by* 2019 WL 5721661 (D.S.C. Nov. 4, 2019).

For all these reasons, Plaintiff's Motion to Amend/Correct (ECF No. 33), Motion to Amend/Correct (ECF No. 45), and Motion to add Defendant (ECF No. 46) should all be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 26) be **GRANTED in part** and **DENIED in part**. The Court should **DISMISS** Plaintiff's official capacity claims against Smith and White. However, Plaintiff's individual capacity claims against Smith and White should be permitted to proceed. Further, the undersigned **RECOMMENDS** that Plaintiff's Motion to Amend/Correct (ECF No. 33) be **DENIED**, Plaintiff's Motion to Amend/Correct (ECF No. 45) be **DENIED**, and Plaintiff's Motion to add Defendant (ECF No. 46) be **DENIED**.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

August 5, 2025
Greenville, South Carolina

*The parties' attention is directed to the important notice on the next page.*

15

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).